**IN THE COURT OF APPEALS OF IOWA**

No. 16-0405
Filed June 15, 2016

**IN THE INTEREST OF A.A.,**
**Minor child,**

**H.M. a/k/a D.V., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Zachary C. Priebe of Jeff Carter Law Offices, PC, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

M. Kathryn Miller of the Juvenile Public Defender's Office, Des Moines, for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The father of a child born in November 2014 appeals the termination of his parental rights. He claims termination is not in the child's best interests, he should be granted additional time for "reunification," his family should be considered as a placement for the child, and the statutory framework was not properly applied because the child is placed with a relative. The district court disagreed, finding the father has been incarcerated since prior to the child's birth, additional time was not warranted, and the child is doing well in a maternal relative's home. We affirm.

The child, A.A., was born prematurely to a mother who has a long history of methamphetamine use, criminal activity, and instability. The father is serving a twenty-five-year prison sentence for a drug-related conviction but has the possibility of being released in February 2017. If released, he faces deportation. With neither parent available to the child, A.A. was adjudicated in need of assistance. On the State's petition and after a January 2016 hearing, the district court terminated the father's rights under Iowa Code section 232.116(1)(b) and (h) (2015). The father appeals.[1]

We review termination proceedings de novo but give weight to the district court's findings of fact. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40-41 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *See id.* at 40. Second, if a ground for termination is

---

[1] The mother's parental rights were also terminated; she did not appeal.

established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory considerations set forth in section 232.116(3) should serve to preclude termination. *See id.* at 41.

The father does not contest the State's proof his parental rights should be terminated under Iowa Code section 232.116(1)( b) and (h).[2] Rather, he asserts termination is not in the child's best interests as set forth in section 232.116(2). He testified the child has other half-siblings in the care of his brother in California, and he "is the nexus between [A.A.] and her siblings." He faults the Iowa Department of Human Services (DHS) for not exploring his family as a placement option for A.A. However, the father admitted in his testimony he failed to give the DHS worker any information as to this relative until he was asked at the hearing. As placement was not at issue in the termination hearing, we find no merit to the father's complaint. Moreover, the child has found stability in her placement with her maternal aunt, who has adopted two of A.A.'s half-siblings.

The father also asserted he should be granted an additional six months to "reunify" with A.A. The father has only seen this child one time, has been incarcerated since before her birth, and faces deportation when he is released from prison. The child is doing well and is in a stable placement with relatives who have attended to her needs. While the father may resist the child being

---

[2] Iowa Code section 232.116(1)(b) provides, the child has been abandoned or deserted by the parent; paragraph (h) provides the child (1) is three years old or younger, (2) has been adjudicated a child in need of assistance, (3) has been removed from the home for six of the last twelve months, and (4) cannot be returned to the parent's custody as provided in section 232.102 at the present time.

severed from his family tree, he can provide nothing for the child in the near future. As the district court found, termination is in A.A.'s best interests so she can "grow up happy, safe, and free of the uncertainty regarding her care which she has experienced." *See* Iowa Code § 232.116(2) (requiring the court "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child").

We also disagree with the father's assertion that the district court failed to apply the statutory framework of Iowa Code section 232.116(3)(a), which includes the consideration of not terminating parental rights when "a relative has legal custody of a child." In this case, although the child was placed with the maternal aunt, DHS retained legal custody. As such, there was no statutory barrier to termination under section 232.116(3)(a). We therefore affirm the termination of the father's parental rights to A.A.

**AFFIRMED.**